UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:10-CR-073 |
| | ) | |
| ADAM M. MILLER | ) | |

### MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction. [Doc. 101]. Through counsel, the defendant asks the court to reduce his sentence by 33 months pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded in partial opposition to the motion [doc. 102], ultimately deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's motion will be granted in part.

**I. Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated November 21, 2011, this court sentenced the defendant to concurrent 168-month terms of imprisonment as to Counts One and Two (oxycodone offenses) and Count Three (money laundering conspiracy). The defendant's guideline range was 168 to 210 months, based on a total offense level of 32 (which included a two-level enhancement for perjury) and a criminal history category of IV. According to the Bureau of Prisons, the defendant is presently scheduled for release on October 1, 2023, and is housed in a high security facility.

## III. Analysis

Applying Amendment 782, the defendant's new guideline range is 135 to 168 months, based on a total offense level of 30 and a criminal history category of IV. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The government did not file a substantial assistance motion as to the present defendant.

3

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

The defendant has put forth some rehabilitative effort while incarcerated. He has completed a 12-hour drug abuse education course and is on the waiting list for the Residential Drug Abuse Treatment Program. However, he has otherwise completed only 40 hours of vocational and educational training, some of which were exercise classes. That is a surprisingly minor accomplishment for someone who has now been in Bureau of Prisons custody for more than four years.

The defendant has also committed several disciplinary infractions while incarcerated. Of greatest concern, he was sanctioned for use of drugs (Buprenorphine) in September 2014 and for possession and use of another intoxicant in April 2014. These infractions are troubling not only because the defendant is incarcerated for controlled substance offenses but also because they occurred after he had completed his drug education program.

Having weighed all the above-cited considerations, the court finds that the defendant should only be granted a partial sentence reduction of one year. The requested 33-month reduction is not appropriate primarily due to the defendant's post-sentencing

4

disciplinary infractions, which demonstrate both the need for further deterrence and the ongoing need to protect the public from this defendant.

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 101] is **GRANTED**, but only in part. The defendant's term of imprisonment is reduced to 156 months as to each of Counts One, Two, and Three. These terms shall be served concurrently for a reduced net sentence of **156 months**.

Except as provided above, all provisions of the judgment dated November 21, 2011, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge